| STATE OF INDIANA | ) | IN THE TIPPECANOE SUPERIOR COURT 2 |
|---|---|---|
| | ) SS: | |
| COUNTY OF TIPPECANOE | ) | CAUSE NO. 79D02-1904-CT-_____ |

| MICHAEL G. MINTON | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| POE HTO, RTS HOLDINGS, LLC, | ) |
| BRETT T. OLEARY, EVENNON, INC., | ) |
| BORYS OLEKSANDR, PETER E. | ) |
| SNYDER, and VIP CARRIERS, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Michael G. Minton [hereinafter "Plaintiff"], by Kyle E. Cray of the law firm BENNETT BOEHNING & CLARY LLP, his attorneys, and for his claims against the Defendants, Poe Hto ("Hto"), RTS Holdings, LLC ("RTS Holdings"), Brett T. Oleary ("Oleary"), Evennon, Inc., ("Evennon"), Borys Oleksandr ("Oleksandr"), Peter E. Snyder ("Snyder"), and VIP Carriers, Inc., ("VIP Carriers") [hereinafter collectively "Defendants"], alleges and complains that:

1. Plaintiff is a resident of Jasper County, State of Indiana.

2. Defendant Hto is a resident of the State of Illinois.

3. Defendant RTS Holdings is a Foreign Limited Liability Company formed in the State of Delaware with its principle place of business in Massachusetts doing business throughout the State of Indiana and particularly in Tippecanoe County.

4. Defendant Oleary is a resident of the State of Alabama.

5. Defendant Evennon is a Foreign Corporation formed in the State of Illinois with its principle place of business in Illinois doing business throughout the State of Indiana and particularly in Tippecanoe County.

6. Defendant Borys Oleksandr is a resident of Illinois.

7. Defendant Peter E. Snyder is a resident of Wisconsin.

8. Defendant VIP Carriers is a Foreign Corporation formed in the State of Illinois with its principle place of business in Illinois doing business throughout the State of Indiana and particularly in Tippecanoe County.

9. The Court has jurisdiction of this cause and of the parties, and venue is proper.

10. On or about January 12, 2019, at or about 12:35 P.M., Plaintiff was operating his vehicle northbound on I-65 near the 175 mile marker near the overpass of SR 25 in the City of Lafayette in Tippecanoe County, State of Indiana.

11. At such time and place, Hto was operating a 2015 Volvo semi-truck with license plate number 2255984 [hereinafter "Semi 1"].

12. At such time place, RTS Holdings owned and was the commercial vehicle carrier of Semi 1.

13. At such time and place, Hto was an employee of RTS Holdings.

14. At such time and place, Oleary was operating a 2013 International semi-truck with license plate number P980620 [hereinafter "Semi 2"].

15. At such time and place, Evennon owned and was the commercial vehicle carrier of Semi 2.

16. At such time and place, Oleary was an employee of Evennon.

17. At such time and place, Oleksandr was operating a 2006 Peterbilt-Motors semi-truck with license plate number P982393 [hereinafter "Semi 3"].

18. At such time and place, Snyder and/or VIP Carriers owned Semi 3.

19. At such time and place, VIP Carriers and/or Snyder was the commercial vehicle carrier of Semi 3 with license number P982393.

20. At such time and place, Oleksandr was employed by Snyder and/or VIP Carriers.

**COUNT 1 – NEGLIGENCE/NEGLIGENCE PER SE/RESPONDEAT SUPERIOR**

21. Plaintiff reasserts the allegations as set out in Paragraphs 1-20 above, as if fully set out herein.

22. At such time and place, Hto operated Semi 1 in a negligent manner as to block all northbound lanes of traffic on Interstate 65 and cause a crash and/or crashes that caused injuries to Plaintiff.

23. Hto was negligent in the operation of Semi 1 in ways including, but not limited to, speeding too fast for the traffic conditions and/or speeding too fast for the

weather conditions and/or failing to conform his speed for safety and/or failing to keep a proper lookout and/or violations of Indiana law and/or violations of the Federal Motor Carrier Safety Regulations and related regulations and/or all applicable statutes, principles, standards, and guidelines on semi-truck, commercial vehicle, and road safety.

24. At such time and place, Hto was acting within the scope and course of his employment with RTS Holdings.

25. At such time and place, Hto was authorized by RTS Holdings to operate Semi 1.

26. At such time and place, Hto was participating in an activity that served to further RTS Holding's business.

27. RTS Holdings is liable for negligence of Hto under the theory of Respondent Superior.

28. As a direct and proximate result of the negligence of Hto, Plaintiff sustained serious personal and mental injury and/or disability, some or all of which is permanent, has undergone continuing physical pain and suffering, medical expenses for treatment, mental and emotional distress and damages, lost income and/or profit and earning potential, future medical expenses, and other related damages.

## COUNT 2 – NEGLIGENCE/NEGLIGENCE PER SE/RESPONDEAT SUPERIOR

29. Plaintiff reasserts the allegations as set out in Paragraphs 1-28 above, as if fully set out herein.

30. At such time and place, Oleary operated Semi 2 in a manner as to negligently crash into Plaintiff's vehicle or negligently cause a crash involving Plaintiff's vehicle resulting in injuries to Plaintiff.

31. Oleary was negligent in operation of Semi 2 in ways including, but not limited to, speeding too fast for the traffic conditions and/or speeding too fast for the weather conditions and/or failing to conform his speed for safety and/or failure to keep a proper lookout and/or violations of Indiana law and/or violations of the Federal Motor Carrier Safety Regulations and related regulations and/or all applicable statutes, principles, standards, and guidelines on semi-truck, commercial vehicle, and road safety.

32. At such time and place, Oleary was acting within the scope and course of his employment with Evennon.

33. At such time and place, Oleary was authorized by Evennon to operate Semi 2.

34. At such time and place, Oleary was participating in an activity that served to further Evenonn's business.

35. Evennon is liable for negligence of Oleary under the theory of Respondent Superior.

36. As a direct and proximate result of the negligence of Oleary, Plaintiff sustained serious personal and mental injury and/or disability, some or all of which is permanent, has undergone continuing physical pain and suffering, medical expenses for treatment, mental and emotional distress and damages, lost income and/or profit and earning potential, future medical expenses, and other related damages.

**COUNT 3 – NEGLIGENCE/NEGLIGENCE PER SE/RESPONDEAT SUPERIOR**

37. Plaintiff reasserts the allegations as set out in Paragraphs 1-36 above, as if fully set out herein.

38. At such time and place, Oleksandr operated Semi 3 in a manner as to negligently crash into Plaintiff's vehicle or negligently cause a crash involving Plaintiff's vehicle resulting in injuries to Plaintiff.

39. Oleksandr was negligent in operation of Semi 3 in ways including, but not limited to, speeding too fast for the traffic conditions and/or speeding too fast for the weather conditions and/or failing to conform his speed for safety and/or not keeping a proper lookout and/or violations of Indiana law and/or violations of the Federal Motor Carrier Safety Regulations and related regulations and/or all applicable statutes, principles, standards, and guidelines on semi-truck, commercial vehicle, and road safety.

40. At such time and place, Oleksandr was acting within the scope and course of his employment with Snyder and/or VIP Carriers.

41. At such time and place, Oleksandr was authorized by Snyder and/or VIP Carriers to operate Semi 3.

42. At such time and place, Oleksandr was participating in an activity that served to further Snyder's and/or VIP Carrier's business.

43. Snyder and/or VIP Carriers is liable for negligence of Oleksandr under the theory of Respondent Superior.

44. As a direct and proximate result of the negligence of Oleksandr, Plaintiff sustained serious personal and mental injury and/or disability, some or all of which is permanent, has undergone continuing physical pain and suffering, medical expenses for treatment, mental and emotional distress and damages, lost income and/or profit and earning potential, future medical expenses, and other related damages.

**WHEREFORE,** Plaintiff prays for judgement against the Defendants and/or any of them in an amount sufficient to compensate Plaintiff for his damages, for the cost of this action, and for all such relief as the Court may deem just and proper in the premises.

Respectfully submitted,

**BENNETT BOEHNING & CLARY LLP**

_/s/ Kyle E. Cray_
Kyle E. Cray, Attorney No. 31936-79
415 Columbia Street, Suite 1000
P.O. Box 469
Lafayette, IN 47902
Telephone:   (765) 742-9066
Facsimile:   (765) 742-7641
Email:       kec@hereforlife.com

## REQUEST FOR TRIAL BY JURY

Comes now Plaintiff, Michael G. Minton, by counsel, and requests that this case be tried by jury.

Respectfully submitted,

**BENNETT BOEHNING & CLARY LLP**

_/s/ Kyle E. Cray_
Kyle E. Cray, Attorney No. 31936-79