UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MICHAEL G. MINTON )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>POE HTO, et al. )<br>      Defendants. ) | CAUSE NO.: 4:19-CV-59-TLS-JPK |

## **OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Brett T. O'Leary and Evennon, Inc. invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants Brett T. O'Leary and Evennon, Inc. have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Michael G. Minton and Defendants, Poe Hto, RTS Holdings, LLC, Brett T. O'Leary, Evennon, Inc., Borys Oleksandr, Peter E. Snyder, and VIP Carriers, Inc., must be citizens of different states, and the amount in controversy must be more than $75,000. Brett T. O'Leary and Evennon, Inc. have alleged a sufficient amount in controversy. Brett T. O'Leary and Evennon, Inc. have also sufficiently alleged the citizenship of

Michael G. Minton, Brett T. O'Leary, Evennon, Inc., Borys Oleksandr, Peter E. Snyder, and VIP Carriers, Inc. However, the allegations are insufficient as to the citizenship of RTS Holdings, LLC.

The Notice of Removal alleges that RTS Holdings, LLC is a "Foreign Limited Liability Company formed in the State of Delaware with its principle place of business in Massachusetts. Upon information and belief, no member of RTS Holdings, LLC is a citizen of Indiana." (Notice of Removal ¶16, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must be advised of the identity of each of its members and advised of each member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). It is not sufficient to allege that a party is not a citizen of a particular state; states of citizenship must be explicitly named. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Defendants Brett T. O'Leary and Evennon, Inc. must sufficiently allege the citizenship of RTS Holdings, LLC as outlined above. Specifically, Defendants Brett T. O'Leary and Evennon, Inc. must name the members of RTS Holdings, LLC, and, if applicable, all members of members, and allege the state(s) of citizenship of each member. Therefore, the Court **ORDERS** Brett T. O'Leary and

Evennon, Inc. to **FILE**, on or before **June 27, 2019**, a supplemental jurisdictional statement that properly alleges the citizenship of RTS Holdings, LLC as stated above.

So ORDERED this 13th day of June, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT